UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH E. DUMONT, | No. 2:17-cv-1797 MCE KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| D. BORDERS, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action on the grounds that it was filed beyond the statute of limitations contained in 28 U.S.C. § 2244(d). Petitioner filed an opposition. Respondent filed a reply. Subsequently, plaintiff filed two additional oppositions.[1]

As discussed below, the undersigned recommends that respondent's motion be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] Although the additional filings are sur-replies that were not authorized by the court, the undersigned will nevertheless consider them due to petitioner's pro se status.

petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

III. Chronology

1. In El Dorado County Case No. P12CRF0251, petitioner was convicted of driving under the influence of alcohol ("DUI"), and driving with a blood-alcohol level of 0.15 percent or greater, and an allegation that he had a blood alcohol level of 0.15 percent or greater was found true. (Respondent's Lodged Document ("LD") 1, 2.) "The trial court sustained a strike, three prior prison terms, and two prior DUI conviction allegations." (LD 2 at 1.) On September 6, 2013, petitioner was sentenced to a determinate state prison term of nine years and eight months, and various fines and fees were imposed. (LD 1, 2.)

2

| | |
|---|---|
| 1 | 2. Petitioner filed an appeal. On October 14, 2014, the California Court of Appeal |
| 2 | modified the penalties, fees, and assessments associated with the imposed fine, but in all other |
| 3 | respects, affirmed the judgment. (LD 2.) |
| 4 | 3. Petitioner did not file a petition for review in the California Supreme Court. |
| 5 | 4. On May 21, 2014,[2] petitioner filed a petition for writ of habeas corpus in the California |
| 6 | Supreme Court. (LD 3.) On August 13, 2014, the petition was denied by the California Supreme |
| 7 | Court. (LD 4.) |
| 8 | 5. On July 20, 2014, petitioner filed a petition for writ of habeas corpus in the California |
| 9 | Court of Appeal, Third Appellate District. (LD 5.) The petition was denied on August 14, 2014. |
| 10 | (LD 6.) |
| 11 | 6. On July 31, 2014,[3] petitioner filed a petition for writ of habeas corpus in the El Dorado |
| 12 | County Superior Court. (LD 7.) On August 14, 2014, the petition was denied. (LD 8.) |
| 13 | 7. On October 30, 2014, petitioner filed a petition for writ of habeas corpus in the El |
| 14 | Dorado County Superior Court. (LD 9.) The petition was denied on November 6, 2014, citing In |
| 15 | re Clark, 5 Cal. 4th 750, 797 (1993). (LD 10.) |
| 16 | 8. On April 15, 2015, petitioner filed another petition for writ of habeas corpus in the El |
| 17 | Dorado County Superior Court. (LD 11.) The petition was denied on April 22, 2015, citing In re |
| 18 | Clark, 5 Cal. 4th 750, 797 (1993). (LD 12.) |
| 19 | 9. On February 16, 2017, petitioner filed a petition for resentencing under Proposition 47 |
| 20 | in the El Dorado County Superior Court. (LD 13.) The petition was denied on March 28, 2017. |
| 21 | (LD 14.) |
| 22 | //// |

---

[2] Unless otherwise indicated, petitioner's filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (prisoners are entitled to the mailbox rule for both state and federal filings). Contrary to respondent's claim that petitioner's third state petition or instant federal petition and their accompanying proofs of service were not dated (ECF No. 14 at 2 n.1), the court found all four documents contained dates. (LD 7; ECF No. 1 at 6-7.)

[3] This petition is not dated, and its proof of service is only dated "July 2014" without reference to a specific date. Thus, the court is unable to apply the mailbox rule, and uses the July 14, 2014 date the filing was stamped by the superior court.

3

10. On May 7, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 15.) The petition was denied on August 9, 2017. (LD 16.)

11. Previously, on December 9, 2013, petitioner filed a prior federal petition for writ of habeas corpus in which he challenged the same 2013 conviction. Dumont v. Price, No. 2:13-cv-2541 CMK. (LD 17.) On April 3, 2017, the prior federal habeas petition was denied without prejudice based on petitioner's failure to exhaust state court remedies. Id. (LD 18.)

12. The instant federal petition was constructively filed on August 22, 2017. (ECF No. 1 at 15.)

IV. Date Limitations Period Begins Running

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id. Here, the California Court of Appeal affirmed petitioner's judgment on October 14, 2014. The time to seek direct review expired on November 23, 2014, forty days later. See Cal. R. Ct. 8.366(a)(1); 8.500(e)(1). Thus, the one year statute of limitations began running the next day, November 24, 2014. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, the limitations period expired on November 24, 2015.

V. Statutory Tolling

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . ." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But when a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner bears the burden of showing facts entitling

him to statutory tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), overruled on other grounds by Pace, 544 U.S. 408, 418 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

A. First Four State Petitions

Petitioner's first four petitions for writs of habeas corpus filed in state courts were all resolved on or before November 6, 2014. (LD 4, 6, 8, 10.) Such petitions did not toll the limitation period because they were all filed and denied before the AEDPA limitation period commenced on November 24, 2014, under § 2244(d)(1)(A), and therefore, there was nothing to toll. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (state habeas petition filed and denied before effective date of petitioner's conviction "had no effect on the timeliness of the ultimate federal filing" because the limitations period had not yet started to run).

B. Fourth & Fifth State Petitions

Respondent contends that petitioner is not entitled to statutory tolling for either the fourth or fifth state court petitions because both were denied with citations to In re Clark. (ECF No. 16 at 5.) Petitioner does not address respondent's argument.

Both rulings on petitioner's fourth and fifth petitions denied the petitions with a citation to In re Clark, 5 Cal.4th at 797. The Supreme Court made clear that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414. In addition, the Supreme Court held that a citation to In re Clark signals a habeas petition has been denied as untimely. Walker v. Martin, 562 U.S. 307, 310 (2011). See also Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006) (a petition denied as untimely is not properly filed and cannot toll the limitations period). An untimely state post-conviction petition is not considered "properly filed," and does not afford the petitioner statutory tolling of the AEDPA statute of limitations. See 28 U.S.C. § 2244(d)(2); Pace, 544 U.S. at 414. "Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner, 425 F.3d at 1149.

////

Because the fourth and fifth state court habeas petitions were denied with a citation to In re Clark, such petitions did not toll the statute of limitations, and the limitations period ran unabated until it expired on November 24, 2015.

### C. Sixth and Seventh Petitions

The sixth and seventh petitions were filed in state court on February 16, 2017, and May 7, 2017, respectively, after the federal limitations period had expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482.

### D. No Statutory Tolling

For all of the above reasons, the undersigned concludes that petitioner is not entitled to statutory tolling of the limitations period. The one year limitations period began on November 24, 2014, and expired on November 24, 2015. Petitioner filed the instant federal petition on August 22, 2017, over a year and eight months after the statute of limitations expired. Absent equitable tolling, this action is time-barred.

## VI. Prior Federal Habeas Petition

Petitioner filed a previous federal habeas petition challenging the same state court decision he challenges in the instant petition. Dumont v. Price, 2:13-cv-2541 CMK. (LD 17-18.) However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## VII. Equitable Tolling

### A. The Parties' Positions

Petitioner declares that he suffers periods of extreme depression which inhibits clear thinking,[4] and his mental impairment is being treated at the CCCMS[5] level of care. Petitioner

---

[4] Petitioner also argues that his mental impairment prolonged his uphill fight to prove his charge is a misdemeanor, stating he yelled at his wife, but had no knife, and there was no violence. (ECF No. 18 at 2.) However, the instant petition challenges petitioner's DUI conviction, not his conviction for making criminal threats.

[5] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS");

declares that his wife, father and brother-in-law have all died, making his "ordeal almost unimaginable." (ECF No. 18 at 2.) In his subsequent oppositions, petitioner argues that the court unduly delayed his prior federal habeas petition, arguing he should receive eight months' credit for the delay in separating the two challenges to petitioner's convictions he brought in one federal habeas petition. (ECF Nos. 21 at 2, 22 at 2.)

In reply, respondent argues that petitioner's allegation that his mental impairment (extreme depression) "inhibits clear thinking and prolonged [his] right to prove [his] charge a misdemeanor," is conclusory because he fails to provide any details concerning the alleged mental illness, but rather presents the claim in very generalized terms. Further, respondent argues that petitioner fails to explain the precise time period he suffered any impairment, and how such impairment prevented him from earlier challenging his conviction. (ECF No. 20 at 2.) Respondent contends that petitioner fails to provide sufficient details to examine petitioner's equitable tolling claim, citing Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (both extraordinary circumstances and diligence requirements are fact-bound inquiries requiring prisoner to provide detailed facts); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (both equitable tolling prongs are fact-bound inquiries which require the prisoner to include detailed facts). (ECF No. 20 at 2.)

Respondent did not address any alleged delay in petitioner's prior federal habeas proceeding because petitioner did not raise such argument in his opposition, but rather in the unauthorized sur-replies.

B. Legal Standards

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently

---

Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

C. Alleged Causes for Delay

1. Deaths of Family Members

Petitioner does not provide the dates of death for his father, wife, or brother-in-law, or any other detailed facts or supporting evidence demonstrating how such deaths were extraordinary circumstances preventing him from filing on time. In petitioner's prior federal habeas proceeding, he stated his father died in late February of 2015. Dumont v. Price, No. 2:13-cv-2541 CMK (ECF No. 52 at 2). Thus, the death of petitioner's father fell within the relevant time frame. However, the fact of a family death, although tragic, is not without more a basis for equitable

8

tolling during the significant time period that petitioner must toll (over a year and a half) to render the instant petition timely. <u>Mayer v. Marshall</u>, 2009 WL 102809, at *3 (C.D. Cal. Jan. 12, 2009) (prisoner's father's murder insufficient to provide equitable tolling for significant period of delay); <u>see</u> <u>Chisholm v. Quarterman</u>, 2007 WL 4190804 *3 (S.D. Tex. 2007) ("Petitioner's lack of familiarity with the legal system, uncorroborated medical problems, lockdown and family death or illness does not amount to the rare and exceptional circumstances necessary for equitable tolling."). Petitioner makes no showing that his father's death made petitioner incapable of preparing a timely habeas petition.

Because petitioner failed to provide the dates of death for his wife or brother-in-law, the court is unable to determine whether such deaths occurred during the relevant time period. Moreover, as with the father's death, petitioner failed to provide any other additional facts or evidence demonstrating how such deaths prevented petitioner from timely-filing the instant action. Thus, the court cannot grant petitioner equitable tolling based on such deaths.

For all of the above reasons, petitioner has failed to demonstrate he is entitled to equitable tolling based on the deaths of family members.

### 2. Delays in Prior Habeas, No. 2:13-cv-2541 CMK

Petitioner complains of delays incurred in his prior federal habeas proceeding,[6] and requests eight months of tolling based on such delay. Review of that case docket reflects that the case was delayed; however, initial delays occurring during the relevant time frame here were due to petitioner failing to comply with court orders, including a failure to raise all of his claims and supporting evidence in one pleading. Indeed, on July 24, 2015, the district court issued an order to show cause why the case should not be dismissed based on petitioner's failure to comply with

---

[6] Petitioner does not argue that he was affirmatively misled by the district court in No. 2:13-cv-2541 CMK. <u>See</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 234 (2004) (Supreme Court remanded the case to the Ninth Circuit Court for consideration of equitable tolling given the Ninth Circuit's "concern that respondent had been affirmatively misled" by the district court."); <u>Brambles v. Duncan</u>, 412 F.3d 1066, 1070 (9th Cir. 2005) ("Consistent with the Court's decision in <u>Pliler</u>, the sole issue before us is whether [petitioner] was affirmatively misled by the district court's instructions."). Moreover, review of the orders issued in No. 2:13-cv-2541 CMK does not reflect any such misleading.

9

court orders. Dumont v. Price, No. 2:13-cv-2541 CMK (ECF No. 51). The contorted procedural history is set forth in detail in the August 12, 2015 order discharging the order to show cause. Id. (ECF No. 53 at 1-2.) Petitioner filed an amended pleading on August 18, 2015. Id. (ECF No. 56.) By then, 8 months and 26 days of the limitation period had expired. Such delays based on petitioner's failure to comply with court orders cannot be described as extraordinary circumstances outside his control.

Petitioner's delay in filing an amended pleading that named the proper respondent and contained all of the challenged grounds in one pleading also delayed the court's determination of exhaustion of state court remedies. Had petitioner earlier submitted one pleading that named the proper respondent and included all of his grounds in one petition, the court would have been in a position to earlier screen the amended pleading and determine whether petitioner had exhausted his state court remedies. Petitioner has failed to demonstrate that the delays in his prior federal habeas case were based on circumstances beyond his control.

> Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition." Miles [v. Prunty, 187 F.3d 1104,] 1107 [(9th Cir. 1999)]. The equitable tolling inquiry measures both proximate cause and proportional relief principles. See Fail v. Hubbard, 315 F.3d 1059, 1062 (9th Cir. 2002) (holding that petitioner, who continued to press a petition with unexhausted claims that was eventually dismissed, was not entitled to equitable tolling because petitioner caused the untimeliness problem); Corjasso v. Ayers, 278 F.3d 874, 879 (9th Cir. 2002) (holding that equitable tolling "is appropriate only during the delay caused by the extraordinary circumstances" and applying proportional relief principles).

Smith v. Ratelle, 323 F.3d 813, 820-21 (9th Cir. 2003). Here, it appears petitioner continued to press a federal petition that contained unexhausted claims. Indeed, the only exhausted claim included in the operative pleading filed in No. 13-cv-2541 CMK related to his plea in No. P12CRF0264 (criminal threats), which is not challenged in this case. No. 13-cv-2541 CMK (ECF No. 78 at 6.) None of the challenges pertaining to the conviction in No. P12CRF0521, which petitioner challenges here,[7] were exhausted. No. 13-cv-2541 CMK (ECF No. 78 at 6.)

---

[7] As noted by respondent, petitioner argues his conviction should have been a misdemeanor, but such argument is pertinent to the criminal threats conviction in P12CRF0264, which petitioner is

10

For all of the above reasons, the undersigned cannot find that petitioner is entitled to equitable tolling based on the alleged delay in addressing his prior federal habeas petition, No. 13-cv-2541 CMK, because petitioner fails to demonstrate that his failure to exhaust was based on extraordinary circumstances beyond his control. But even assuming, *arguendo*, petitioner was entitled to eight months of equitable tolling for the delay in his prior federal habeas, such eight month period of time is insufficient to toll the over 20 month delay in bringing the instant action.

### 3. Alleged Mental Impairment

Petitioner also contends that his delay in filing his federal petition was the result of mental impairment. (ECF No. 18 at 2.) Respondent counters that petitioner's claim is unsupported by specific facts concerning the alleged mental illness, the precise time period he suffered any impairment, and how such impairment prevented him from earlier challenging his conviction. (ECF No. 20 at 2.)

A sufficiently serious mental impediment may constitute an "extraordinary circumstance" beyond the petitioner's control for purposes of equitable tolling. Bills, 628 F.3d at 1097 ("[W]e ... have long recognized equitable tolling in the context of a petitioner's mental illness."). Under the case law in this circuit, the court may apply equitable tolling when a petitioner demonstrates the following:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, . . . , by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. at 1099-1100 (citations omitted). In evaluating such a claim, "the district court must: (1) find

---

challenging in Dumont v. Borders, 2:17-cv-1423 TLN KJN P (E.D. Cal.).

the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Id. at 1100-01.  With regard to the diligence consideration, "the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available."  Id. at 1101.  "[A] petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.  The petitioner therefore always remains accountable for diligence in pursuing his or her rights."  Id. at 1100.

Here, petitioner fails to support his claim of mental impairment with facts or evidence. Other than claiming to suffer periods of extreme depression, plaintiff fails to identify when he suffered such periods, or explain how those periods may have interfered, if they did, with petitioner timely filing the instant petition.  Moreover, petitioner confirms he was treated at the CCCMS level of mental health care and it appears he is housed in the general population.

Such allegations, taken as true, are inadequate to show that petitioner's mental impairment caused the delay in filing his current petition.  Petitioner has alleged no facts demonstrating a causal connection between his mental illness and his inability to file a timely petition. Furthermore, petitioner fails to include any medical records or other evidence that would suggest that his mental impairment was so severe that it kept him from filing his federal habeas petition during the relevant time period.  Cf. Henderson v. Allison, 2012 WL 3292010, at *7-9 (E.D. Cal. Aug. 13, 2012) (reviewing numerous mental health records in assessing the petitioner's equitable tolling claim based on mental incompetence).  Indeed, inmates designated to the CCCMS level of care "are those 'whose symptoms are under control or in partial remission' " and can function in the general prison population, administrative segregation, or segregated housing unit.  Coleman v. Brown, 28 F. Supp. 3d 1068, 1074 (E.D. Cal. 2014).  CCCMS is the lowest level of care for

mentally ill inmates. See Steward v. Sherman, 2016 WL 3345308, at *3 (N.D. Cal. June 16, 2016). "Without any allegation or evidence of how petitioner's symptoms actually caused him not to be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling." Taylor v. Knowles, 2009 WL 688615, at *6 (E.D. Cal. March 13, 2009), aff'd, 368 Fed. Appx. 796 (9th Cir. 2010) (no equitable tolling where petitioner failed to show his auditory hallucinations, severe depression, and anxiety "actually caused him not to be able to file despite his diligence"); see Henderson, 2012 WL 3292010 (denying petitioner's equitable tolling argument based on mental incompetence because petitioner made no allegations demonstrating a causal connection between petitioner's alleged depression and adjustment disorder and his inability to timely file a federal petition); see also Howell v. Roe, 2003 WL 403353, *4 (N.D. Cal. Feb. 20, 2003) (rejecting equitable tolling where petitioner's suicidal nature and depression did not make him mentally incompetent).

One of his exhibits reflects that petitioner has worked full-time while in prison, from September 4, 2014, through and beyond March 11, 2016. (ECF No. 21 at 2-3.) As set forth above, petitioner filed numerous pro se habeas petitions in 2014, and one on April 15, 2015, demonstrating that petitioner was able to file petitions on his own behalf during the relevant time frame. Such facts demonstrate that during the period for which he seeks tolling, his mental illness did not, in fact, make filing impossible. See Brown v. McKee, 232 F.Supp .2d 761, 768 (E.D. Mich. 2002) (rejecting a claim that mental illness and use of prescribed psychotropic medication warranted equitable tolling where the petitioner was able to file several actions during period of alleged mental incapacitation, and explaining that "[t]he exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity"). Even if petitioner required the assistance of other inmates to file those petitions, the availability of such assistance and petitioner's apparent ability to use such assistance weigh against equitable tolling. See Bills, 628 F.3d at 1100-01.

Therefore, petitioner has not made a "good-faith allegation that would, if true, entitle him to equitable tolling" on the basis of his mental competency. Laws, 351 F.3d at 921. Thus, further

13

development of the record is not warranted. See Davis v. Farwell, 253 Fed. App'x 631, 632 (9th Cir. 2007) (distinguishing Laws, and denying the prisoner's request for an evidentiary hearing "to demonstrate in better fashion just how his below-average intelligence caused his untimely filing," reasoning that the petitioner had not made a "good-faith allegation that would, if true, entitle him to equitable tolling"), cert. denied, 552 U.S. 1286 (2008).

      D.  No Equitable Tolling

For all the reasons discussed above, petitioner is not entitled to equitable tolling sufficient to render the instant petition timely. Accordingly, respondent's motion to dismiss the petition as barred by the statute of limitations should be granted.

VIII.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted on the grounds that the petition is barred by the statute of limitations;

2. This action be dismissed; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

1 | McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed
2 | within fourteen days after service of the objections.  The parties are advised that failure to file
3 | objections within the specified time may waive the right to appeal the District Court's order.
4 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5 | Dated: May 4, 2018

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dumo1797.mtd.hc.sol